[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff Augustine Okwu sues the defendant Cynthia Meo for money damages in his three count complaint. In this action the plaintiff alleges that the defendant, who was a coworker at Naugatuck Valley Community College, accused him of making threatening remarks. Meo went to college authorities with these accusations about Okwu. Okwu alleges that he made no threats and that the defendant's conduct constitutes the torts of slander per se, slander, and intentional infliction of emotional distress.[1] In all three of the counts, the plaintiff alleges that the conduct of the defendant was malicious and that the defendant knew that the plaintiff had made no such threats, so that her statements were untrue.
The defendant has moved to dismiss, alleging that as an employee of the State of Connecticut, she is immune from suit, either as an agent of the state or, in her individual capacity, as an employee covered by the shield of Conn. Gen. Stat. § 4-165, which states:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.
The plaintiff opposes the defendant's Motion to Dismiss.
Both parties have included additional allegations of facts in their supporting papers that may frame the controversy for later stages of this case, but that add little to the current issues before the court. For example, the defendant argues that she reported the plaintiffs statements to college authorities pursuant to a policy promulgated by the State of Connecticut for instances involving threats of violence in the workplace. The plaintiff argues that the defendant had a personal vendetta against the plaintiff and that her accusations were not made in the scope of her employment.
What governs at this stage, however, are the allegations in the complaint. It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998);Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407, 410-11, CT Page 4119722 A.2d 271 (1999).
The court reads the complaint as alleging a personal, intentional act on the part of the defendant, which was committed out of malice and not in furtherance of any State policy. That the defendant vigorously denies this to be so does not provide the basis for a dismissal of this case at this stage, however.
Conn. Gen. Stat. § 4-165 does not shield a person employed by the State from personal liability for intentional malicious acts. Shay v.Rossi, 253 Conn. 181, 749 A.2d 1147 (2000). The analogous case of Witczakv. Gerald, (AC 20893) ___ Conn. App. ___ (2002), published in the Connecticut Law Journal on April 9, 2002, fully explains this concept. InWitczak, the plaintiff alleged that faculty co-workers at the University of Connecticut intentionally interfered with his application for tenure by destroying certain written material that would have supported his application. The trial court dismissed the complaint under § 4-165. The Appellate Court reversed. The Appellate Court held that whether the defendant purported to act in the discharge of his or her duties as a state employee is immaterial to the analysis of whether immunity is conferred by § 4-165. Id., Judicial Branch website printout, p. 8. Secondly, the Appellate Court, informed by the holding in Shay v. Rossi, supra, held that "if a state employee acts wantonly, recklessly or maliciously, the state will not immunize [that employee] from legal action arising from that conduct." Id., p. 12. That is precisely what is alleged in Okwu's complaint.
The Motion to Dismiss is denied.
 ___________________ Patty Jenkins Pittman, Judge